### FRENCH *et al.* v. BAKER & HALL.

Although section 2564 of the code, declaring that an administrator cannot sell property held adversely to the estate by a third person, may, by virtue of section 2448, be applicable to such sales as are usually made by executors in due course of administration for the purpose of raising money to pay debts or for distribution, yet where a will conferred upon an executrix full power to sell, either publicly or privately, or for cash or on credit, any property of the testator, and also power to make advancements to, and settlements with, the testator's legatees and devisees with respect to their shares in the estate, and she, after settling in full with all of them except two, conveyed to the latter, "for the purpose of paying to" them "their interest in said estate," property of various kinds,

including an undivided half of certain realty, the conveyance was not void because at the time it was made third persons were in possession of a portion of such realty, and claiming title to the whole of the same adversely to the estate.

April 1, 1895.   Brought forward from the last term.   Code, §4271(a-c).

Complaint for land.   Before Judge MILNER.   Bartow superior court.   January term, 1894.

J. W. AKIN, for plaintiffs.   J. M. NEEL, for defendants.

LUMPKIN, Justice.

This was an action for the recovery of an undivided half-interest in a lot of land, brought by Mrs. French and Mrs. Tarver against Baker & Hall.   The plaintiffs, after showing title in William Solomon, their father, claimed under a deed from their mother as executrix. They were nonsuited on the ground that the evidence showed the premises in dispute were held adversely to the estate of Solomon at the date of the last mentioned deed.   The court evidently rested its judgment upon sections 2564 and 2448 of the code, the first of which provides that "an administrator cannot sell property held adversely to the estate by a third person; he must first recover possession," and the latter of which probably extends the provisions of the former to sales made by executors.

To sales made by administrators in the ordinary course of administration for the purpose of raising money to pay debts, or for distribution, section 2564 of the code is undoubtedly applicable; and, as already mentioned, when read in connection with section 2448, it may be alike applicable when such sales are made by executors.

In the present case, however, the deed from Mrs. Solomon, as executrix, to her daughters, the plaintiffs, was not made in pursuance of a sale of this kind, but by virture of a special power conferred upon her by the testator in his will.   Under the will, she had authority to do whatever she might think necessary for the best in-

terests of the testator's children, "and to rent, sell and dispose of the property, or any part thereof, either real or personal, . . . at public or private sale, for cash or on a credit, on such terms and conditions, and in such way and manner, as [she might] think is best for [the] estate, and without obtaining an order of court for the purpose." Also, "to make such advancements to any of [the] children as she may think best out of [the] estate; but in no event . . . to make any advancement out of [the] estate to either of [the] children that will give him or her more than an equal share of [the] estate, according to the provisions of this . . . will."

It appears that after settling in full with all the testator's children except the plaintiffs in the present case, Mrs. Solomon, as executrix, conveyed to the plaintiffs, "for the purpose of paying to" them "their interest in said estate," property of various kinds, including the premises in dispute, which consisted, as already stated, of an undivided half-interest in a certain lot of land.

We do not think section 2564 of the code is, in any event, applicable to a "sale" of this character, even if, at the time it was made, third persons were in possession of a portion of the lot in question and claiming title to the whole lot adversely to the testator's estate. The transaction between Mrs. Solomon and her daughters, properly construed, was really no sale at all. It was merely an execution by the executrix of a portion of the will itself. Certainly Solomon, in his lifetime, could have made a valid conveyance to another of land to which he had a good title, although it may have been held adversely to him by a third person; and under the will, Mrs. Solomon's power to deal with the estate was quite as ample as that which the testator himself had ever possessed. Moreover, the policy of the law, as expressed in section 2564 of the code, was to prevent a sacrifice of the estates of deceased persons, by forbidding

sales of land held adversely to such estates, because under such circumstances these lands would almost inevitably fail to bring their full value. This must be the controlling reason upon which this law is based, and it is undoubtedly a good one. No such reason, however, should invalidate a conveyance of the kind with which we are now dealing. All the persons interested in Solomon's estate had been settled with and satisfied, except the two ladies who are the plaintiffs here. They simply took what was left, and accepted it in satisfaction of their shares in the estate. No person in the world could be injured by what was done; and we are therefore quite clear that the court erred in holding, under the facts appearing, that a nonsuit should be granted.

*Judgment reversed.*